UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VALERIE OTHATTA BAILEY | ) | CASE NO. 07-32596 |
| SSN: 6782 | ) | |
| | ) | CHAPTER 13 PROCEEDING |
| | ) | |
| DEBTOR. | ) | |

## CHAPTER 13 PLAN

A.  **GENERAL PROVISIONS**

1. If there are joint filers in this case, then all references to the word "Debtor" in this plan shall automatically be deemed to mean "Debtors".

2. Upon confirmation of the Plan, all property listed in Debtor's schedules shall remain property of the estate during the pendency of the bankruptcy.

3. Upon confirmation, the automatic stay shall be lifted as to any collateral treated as surrendered or abandoned.

4. While this case is pending, the Debtor will not incur debt without first obtaining approval from the Court of the Trustee.

5. To receive distributions from the Trustee under this Plan, all creditors, including holders of secured claims, must file a proof of claim with the bankruptcy Court.

6. The Debtor will maintain all insurance required by law and contract upon property of the estate.

7. The rights of holders of claims secured solely by a mortgage on real property which is used as the principal residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in this Plan, while making all required post petition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case may only be claimed pursuant to the requirements of this Plan, and if not so claimed, are waived upon completion of this Plan and may not be asserted thereafter. Confirmation of the Plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the continuing mortgage payments paid by the trustee to the month in which they were made under the Plan, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the

1

adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

8. It shall be the duty of the Mortgage Holder to file and serve Notice and Opportunity to Object to Escrow Changes each year, indicating the monthly mortgage payment change, if any, from the prior year's escrow analysis. This notice shall contain the escrow calculation showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, the Trustee, upon entry of an Order of the Court, will modify the monthly payment in accordance with the Notice provided.

9. It shall be the duty of the Mortgage Holder to file and serve Notice and Opportunity to Object to Post-Petition fees, costs of collection, and all other contract charges alleged to accrue under the mortgage contract, including attorneys' fees. Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case may only be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, are waived upon completion of this Plan and may not be asserted thereafter.

10. All secured creditors shall retain the liens securing their claims subject to the avoidance powers of the Debtor granted herein and provided the Debtor retains possession of the collateral and unless otherwise stated. Debtor shall have standing to commence turnover actions under 11 U.S.C. § 542, to assert strong-arm powers under 11 U.S.C. § 544, to avoid statutory liens under 11 U.S.C. § 545, to recover preferences under 11 U.S.C. § 547 and/or to avoid fraudulent conveyances under 11 U.S.C. § 548 and in furtherance thereof commence adversary proceedings.

11. Upon entry of order lifting the automatic stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

12. Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim - whichever is less.

13. It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in the Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

**B.     PLAN PAYMENTS**

1. Debtor will make payments in the amount of $1,218.56 each month beginning not later than thirty (30) days from the date the voluntary petition was filed.

2. Debtor estimate the Plan will extend Sixty (60) months, but may extend up to Sixty Months (60) months from confirmation.

3. The Trustee shall pay all statutory adequate protection payments. Provided that the Debtor begins the required payments to the Trustee, adequate protection will begin at

confirmation, provided the secured creditor has filed a proof of claim, unless otherwise ordered by the Court.

4. Debtor will turnover copies of federal and state tax returns each year of the Plan to the Trustee.

5. Debtor has prorated all tax refunds into the disposable income and current monthly income calculations.

6. To meet the best interests of creditors test, the means test and/or the disposable income test, the Class Nine General Unsecured Creditors will receive no less than $0.

### C. DISBURSEMENTS BY THE TRUSTEE

#### 1. Class One - Administrative Expenses:
a. Trustee fees shall be paid as determined by statute.
b. Attorneys fees will be paid after Class Two, Four and Five monthly payments are post petition current. An agreed minimum fee of $2,800.00, less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of $1,800.00 shall be paid as an administrative expense. Additional Attorney's fees may be applied for and will be paid through this plan, as approved by the Court.

#### 2. Class Two - Continuing Claims:
This Class is reserved for those claims of creditors secured solely by a real estate mortgage on the Debtor's principal residence, on which the last payment is due beyond the length of the Plan. The Trustee shall commence payments as of the date of the filing of the petition unless the proof of claim provides for a later date. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors after notification by the mortgage holder, however, unreasonable delay in notification by the mortgage holder will be deemed a waiver by the mortgage holder of any increased sums prior to notification. This class will be paid their monthly payment pro-rata with the Class Four secured claims.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| ABN Amro Mortgage Group, Inc. | 1313 W. Washington St., South Bend, IN 46601 | $743.00 |
| Notre Dame FCU | 1313 W. Washington St., South Bend, IN 46601 | $115.00 |

To the extent that the Class Two Creditor incurs post-petition costs pursuant to the mortgage contract, it is the Creditor's duty to apply for and seek approval of such post petition costs BEFORE applying any funds to the same. IF THE CREDITOR FAILS TO APPLY AND OBTAIN APPROVAL OF SUCH POST-PETITION COSTS PRIOR TO DISCHARGE, SUCH COSTS ARE DEEMED DISALLOWED AND ANY ATTEMPT TO COLLECT AFTER DISCHARGE WILL BE CONSIDERED A VIOLATION OF 11 U.S.C. § 524(i).

3

### 3. Class Three - Pre-Petition Arrearage on Continuing Claims:

This class is reserved for those claims permitted by 11 U.S.C. § 1322(b)(5). Claims shall be paid without interest as permitted by 11 U.S.C. § 1322(e). To the extent the claim and the Plan conflict, the Trustee shall pay the allowed proof of claim. This class will be paid pro-rata after Classes One, Two, Four, and Five.

| CREDITOR | ADDRESS OF COLLATERAL | ARREARS AMOUNT |
|---|---|---|
| ABN Amro Mortgage Group, Inc. | 1313 W. Washington St., South Bend, IN 46601 | $13,500.00 |
| Notre Dame FCU | 1313 W. Washington St., South Bend, IN 46601 | $500.00 |

### 4. Class Four - Secured Claims Subject to Cram Down:

This class shall be paid the replacement value of their collateral, retain their liens until discharge, and shall be paid a monthly payment pro-rata with the Class Two continuing claims. To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee shall pay the value listed in the Plan or the value of the collateral listed in the proof of claim - whichever is lower, with the remaining amount of the claim being treated as a Class Nine Unsecured Claim.

| CREDITOR | ESTIMATED AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|
| CommunityWide FCU | $519.00 | 5.5% | $10.00 |

FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, PAYMENT AND INTEREST RATE.

### 5. Class Five 1325(a)(9) Secured Claims:

Class Five creditors shall be paid the principal amount of their claim, estimated below, retain their liens until discharge, and shall be paid a monthly payment pro-rata with Class Two continuing claims.

| CREDITOR | COLLATERAL | ESTIMATED BALANCE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Indiana Dept. of Rev. | Home | $283.00 | 5% | $5.35 |

FAILURE TO TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED TO BE AN ACCEPTANCE OF THIS PLAN PROVISION'S TREATMENT STATEMENT OF COLLATERAL VALUE, MONTHLY PAYMENT AND INTEREST RATE. IF THE CREDITOR FAILS TO ACCEPT SUCH TREATMENT AS OUTLINED HEREIN, THE DEBTOR WILL SURRENDER THE COLLATERAL IN FULL SATISFACTION OF THE SECURED CLAIM.

### 6. Class Six Liens Avoided:

Class Six creditors were secured at one time, but because of the rationale given below, upon confirmation the lien is avoided, and the claim becomes WHOLLY UNSECURED, and may be paid as a Class Nine General Unsecured Claim if so permitted below.

### LEGAL DESCRIPTION OF PROPERTY:

Lot Lettered "D" as shown on the recorded Replat of South Bend Heritage Foundation, recorded September 16, 1998 as Document Number 9848690 in the Office of the Recorder of St. Joseph County, Indiana.

### A. Judicial Liens:

To the extent that the judicial liens impair the exemptions to which the Debtor is entitled, the following lien holders are notified that upon discharge, all of the judicial liens below are voided pursuant to 11 U.S.C. § 522(f)(1)(A) and such creditors shall not have a secured claim against the estate, but instead, shall only have a Class Nine unsecured claim which must be timely filed to be allowed.

| COURT/ AMOUNT | CAUSE NUMBER | LIEN HOLDER | DATE OF JUDGMENT |
|---|---|---|---|
| St. Joseph Superior Ct | 71D05-0511-SC-12060 | Kaurich Chiropractic | 1/2006 |
| St. Joseph Superior Ct | 71D06-0408-SC-09703 | Valley Emergency Physicians, Inc. | 9/2004 |
| St. Joseph Superior Ct | 71D05-0311-CC00694 | Heilig Myers | 2/2004 |
| St. Joseph Circuit Ct | 71C01-0611-CC-01741 | Capital One | 12/2006 |

### B. Non-Purchase Money Liens:

To the extent that non-purchase money liens impair the exemptions to which the Debtor is entitled, the following lien holders are notified that upon discharge, all claims are void. Creditors in this class may have a Class Nine unsecured claim which must be timely filed to be allowed:

| LIEN HOLDER | ACCOUNT | COLLATERAL | AMOUNT |
|---|---|---|---|

### C. Stripped and Voided Liens:

To the extent that the value of the Creditor's interest in the collateral is $0.00, the secured status of the claim of the creditor below, shall be, upon discharge, completely stripped away by 11 U.S.C. §506(a), voided by 11 U.S.C. §506(d), and pursuant to 11 U.S.C. §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below. Said creditors may have a Class Nine unsecured claim which must be timely filed to be allowed.

| LIEN | COUNTY | CAUSE OR | JUDGMENT/ | JUDGMENT/ |
|---|---|---|---|---|

| HOLDER | RECORDED | MORTGAGE NUMBER | MORTGAGE DATE | MORTGAGE AMOUNT |
|--------|----------|-----------------|---------------|-----------------|
|        |          |                 |               |                 |

**7. Class Seven - Priority Claims:**
All allowed claims entitled to priority status under 11 U.S.C. § 507 shall be paid in full during the Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

| CREDITOR | ESTIMATED AMOUNT |
|----------|------------------|
|          |                  |

**8. Class Eight - Special Unsecured Claims:**
Class Eight claims shall be paid concurrently with Class Seven Priority Unsecured Claims.

| CREDITOR | AMOUNT | REASON FOR SPECIAL TREATMENT |
|----------|--------|------------------------------|
| Martins Supermarket | $50.00 | NSF |
| Kroger | $100.00 | NSF |
| Checkmart | $376.00 | NSF |

**9. Class Nine General Unsecured Claims:**
General Unsecured Claims shall be paid a pro-rata minimum of $0.00.

**C.  PAYMENTS DIRECTLY BE DEBTOR TO CREDITOR**
  **1. Executory Contracts and/or Unexpired Leases:**

CONTINUING POST-PETITION OBLIGATIONS:

| CREDITOR | COLLATERAL | PAYMENT AMOUNT | EXPIRATION DATE |
|----------|------------|----------------|-----------------|
|          |            |                |                 |

PRE-PETITION OBLIGATIONS:

| CREDITOR | COLLATERAL | DEFAULT AMOUNT | MONTHLY PAYMENT TO CURE |
|----------|------------|----------------|-------------------------|
|          |            |                |                         |

Those executory contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtor.

**D.  PROPERTY SURRENDERED.**
The debtor will surrender Debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. Surrender of the property shall be deemed satisfaction of creditor's claim in full. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a)

shall be terminated pursuant to 11 U.S.C. §362(d).

CREDITOR                    COLLATERAL

E.  **OTHER PROVISIONS**. The Debtor shall pay Aaron's Rent to Own directly.

### 1325(a)(4) ANALYSIS

| | |
|---|---|
| Market value of property of estate: | $76,278.00 |
| Minus: | |
| Dollar Value of Liens provided by Plan: | $85,957.00 |
| Debtor's Exemptions | $16,220.00 |
| Chapter 7 Trustee's Fees | $ 7,063.90 |
| Cost of Liquidating Assets | $ 4,386.82 |
| Priority Claims | $    526.00 |
| Dollars Which Would be Distributed to | |
| General Unsecured Creditors in Chapter 7 | $      0.00 |

Date October 4, 2007                    /s/ Debra Voltz-Miller
                                                            Debra Voltz-Miller (15590-71)
                                                            **Debra Voltz-Miller & Associates**
                                                            1951 E. Fox St.
                                                            South Bend, IN 46613
                                                            PH: (574) 289-1709
                                                            FX: (574) 289-1909